UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEDIR MAHAYDIN DAAHIR,

      Petitioner,                                     Hon. Janet T. Neff

v.                                                   Case No. 1:17-CV-1143

REBECCA ADDUCI,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Daahir's Petition for Writ of Habeas Corpus and Order for Immediate Release. (ECF No. 1). On June 1, 2017, an Immigration Judge denied Daahir's request for asylum and instead ordered that Daahir be removed from the United States. (ECF No. 1 at PageID.8). Petitioner requests relief on the ground that he has "been held in detention for more than 12 months" in violation of his constitutional rights. Respondent opposes Daahir's petition. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of petitions for writ of habeas corpus, the undersigned recommends that Daahir's petition be **denied**.

**ANALYSIS**

Petitioner seeks relief under 28 U.S.C. § 2241, which provides that habeas corpus relief may extend to any person "in custody in violation of the Constitution or laws or treaties of the United States." While the federal district courts lack jurisdiction to resolve certain

1

immigration-related issues, *see*, *e.g.*, 8 U.S.C. § 1252, the federal district courts have jurisdiction to resolve petitions for writ of habeas corpus filed under § 2241 by aliens asserting "claims arising out of immigration detention." *See Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)).

Pursuant to 8 U.S.C. § 1231, when an alien is "ordered removed," the Attorney General is required to remove the alien from the United States "within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The statute further provides that "[i]f the alien does not leave or is not removed within the removal period, the alien, pending removal, *shall* be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3) (emphasis added). In certain circumstances, however, an alien "may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). This particular provision applies to aliens falling into one of three categories: (1) an alien who is inadmissible under 8 U.S.C. § 1182; (2) an alien who is removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4); or (3) an alien who "has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). Petitioner has been adjudicated removable under 8 U.S.C. § 1182. (ECF No. 4-1 at PageID.24-25).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court was asked to declare 8 U.S.C. § 1231(a)(6) unconstitutional on the ground that it permitted indefinite detention of certain aliens in violation of due process. The Zadvydas Court concluded that § 1231(a)(6) does not authorize indefinite detention, but instead permits detention for only that length of time reasonably necessary to effect removal, presumptively six months. *Zadvydas*, 533 U.S. at 690-701. At the conclusion of this six month period, continued detention is still permitted unless the alien can demonstrate

2

"that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Petitioner does not present any argument or evidence on the question whether his removal is reasonably foreseeable. Respondent, on the other hand, has presented evidence which persuades the Court that Petitioner is not entitled to relief.

Petitioner appealed the June 1, 2017 decision ordering his removal to the Board of Immigration Appeals (BIA). On November 20, 2017, the BIA denied Petitioner's appeal rendering the Immigration Judge's decision the final decision on the matter. (ECF No. 4-1 at PageID.25; 8 U.S.C. § 1241.1(a)). While Petitioner may have "been held in detention for more than 12 months" as he alleges, the "removal period" did not begin until the Immigration Judge's decision became final on November 20, 2017. *See* 8 U.S.C. § 1231(a)(1)(B). Thus, for purposes of the present analysis, Petitioner has been detained less than eight (8) months.

Respondent has submitted evidence that on February 1, 2018, the Embassy of the Federal Republic of Somalia issued to ICE travel documentation to facilitate Petitioner's repatriation to Somalia. (ECF No. 4-1 at PageID.25). Respondent argues that in light of this fact, there exists a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Petitioner offers neither evidence nor argument suggesting that his removal from the United States is unlikely to occur in the reasonably foreseeable future. Accordingly, the undersigned recommends that Daahir's petition be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Daahir's habeas corpus petition be denied, without prejudice to his ability to apply for future relief if circumstances change.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                      Respectfully submitted,

Dated: July 2, 2018                        /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          U.S. Magistrate Judge